PENNY ANGELLE LAVESPERE
v.
ROBBIE LAVESPERE
No. 2008 CA 0904.
Court of Appeals of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
ROBBIE DEAN LAVESPERE, Defendant/Appellant, In Proper Person.
HARRY W. EZIM, JR., Attorney for Plaintiff/Appellee, Penny Lavespere.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
Robbie Lavespere appeals a judgment sustaining a peremptory exception raising the objection of no cause of action with regard to his motion to reduce child support.
The motion to reduce was Robbie Lavespere's third motion to reduce child support that he filed in the year after the child support amount was established by stipulated judgment. The trial court determined that the third motion to reduce did not raise any new grounds that were not raised by the second motion to reduce, which was also disposed of by sustaining a peremptory exception raising the objection of no cause of action. Thus, the judgment on this third motion was essentially based on a finding that Robbie Lavespere failed to remove the grounds of the objection sustained with regard to the second motion.
After de novo review, we agree with the trial court's determination. The third motion to reduce child support is different from the second only in that it adds the conclusory allegation that the alleged facts (which are the same as those alleged in the second motion) constitute a material change in circumstances and omits the factual allegations regarding Robbie Lavespere's job that were set forth in the second motion. The modifications did not remove the grounds of the objection sustained with regard to the second motion.
Robbie Lavespere also complains that the trial court erred in considering the peremptory exception raising the objection of no cause of action. We find no error in this regard. Penny Lavespere raised the issue in her opposition to the third motion to reduce child support, re-iterating all arguments raised in the peremptory exception raising the objection of no cause of action that she filed in response to his second motion to reduce. Moreover, the failure to disclose a cause of action may be noticed by the trial court of its own motion. LSA-C.C.P. art. 927.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Robbie Lavespere. This memorandum opinion is issued in compliance with URCA Rule 2-16.1.B.
AFFIRMED.